The Honorable Mike Beebe State Senator 211 West Arch Avenue Searcy, AR 72143
Dear Senator Beebe:
This is in response to your request for an opinion on the following question:
 Can an Arkansas Public School System enter into an ITFS Airtime Lease Agreement with Application for License Provisions, without violating any state or federal statutes, regulations, or case law?
With regard to the sample agreement attached to your request, it is my opinion that as a general matter there is no provision of state law prohibiting such an agreement. A school district's statutory authority to acquire property (see A.C.A. § 6-13-102
(Repl. 1993)) and to enter into lease purchase arrangements (A.C.A. § 6-20-402 (Repl. 1993)), coupled with a school board's general authority to lease school property,[1] will in my opinion offer general support for a lease agreement of this nature. Reference should be made, however, to A.C.A. § 6-20-402
(Repl. 1993) with respect to limitations on current indebtedness and lease purchase agreements, generally, when considering the specific terms involved. This is a matter to be addressed by the district's local counsel, or whoever is advising the district in connection with the particular agreement.
Finally, because the sample agreement contemplates the dissemination of instructional material, I would suggest that the State Board of Education and the Department of Education be consulted regarding the possible application of any rules and regulations in this regard. See generally A.C.A. § 6-21-401et seq. (Repl. 1993).
Regarding applicable federal law, questions in this regard are properly addressed to either the United States Attorney or the Federal Communications Commission. While it appears that a school district would qualify, generally, as an Instructional Television Fixed Service ("ITFS") applicant, (see 47 C.F.R. § 74.931 (1989)), I lack the resources and the authority to issue an official opinion on the specific federal law requirements.
Pursuant to A.C.A. § 25-16-706, the Arkansas Attorney General is authorized to render official opinions to officers and departments of State government only, and is precluded from engaging in the private practice of law (A.C.A. § 25-16-701). Necessarily, therefore, the foregoing opinion should not be relied upon for the benefit of private third parties.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] This office has previously concluded, citing A.C.A. §6-13-620, that school district property may be leased. See Ops. Att'y Gen. 93-338, 90-155 and 86-479. As noted in Opinion 93-338
(copy enclosed), the question of whether any particular lease agreement is supported by adequate consideration will require a factual determination in each instance.